**Fill in this information to identify the case:**

United States Bankruptcy Court for the District of Delaware

Case number (*if known*): _____   Chapter 11

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | RM Opco LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Real Mex Restaurants<br>Real Mex |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 80-0787122 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 5660 Katella Avenue, Suite 200 | |
| Number     Street | Number     Street |
| Cypress, California  90630 | |
| City          State     ZIP Code | City          State     ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Orange County | |
| County | Number     Street |
| | City          State     ZIP Code |

| | | |
|---|---|---|
| 5. | **Debtor's website (URL)** | www.realmexrestaurants.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding  LLP)<br>☐ Other. Specify: _____ |

01:23488517.1

Debtor __RM Opco LLC__                    Case number(*if known*)_____
      Name

---

| 7. | **Describe debtor's business** | A. *Check one:* |
|---|---|---|

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*
☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
7225

---

| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** | *Check one:* |
|---|---|---|

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11. *Check all that apply*:

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    ☐ A plan is being filed with this petition.
    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11 (Official Form 201A) with this form.
    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

| 9. | **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?** | ☐ No |
|---|---|---|

If more than 2 cases, attach a separate list.

☒ Yes.  District _See Attachment 1___  When _____  Case number _____
                             MM / DD / YYYY

District _____  When _____  Case number _____
                         MM / DD / YYYY

---

| 10. | **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?** | ☐ No |
|---|---|---|

List all cases. If more than 1, attach a separate list.

☒ Yes.  Debtor _See Attachment 2___  Relationship _____
District _____  When _____
                                 MM / DD  /YYYY
Case number, if known _____

---

01:23488517.1

Debtor __RM Opco LLC__                                    Case number(*if known*)_____
      Name

| 11. | **Why is the case filed in** ***this*** **district?** | *Check all that apply:* |
|---|---|---|

    ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

| 12. | **Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | |
|---|---|---|

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention? (Check all that apply.)**

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

        What is the hazard?_____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                   Number      Street

                   _____

                   _____   _____   _____
                   City                  State      ZIP Code

    **Is the property insured?**

    ☐ No

    ☐ Yes. Insurance agency _____

           Contact       _____

           Phone        _____

---

**███ Statistical and administrative information**

| 13. | **Debtor's estimation of available funds** | *Check one:* |
|---|---|---|

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

| 14. | **Estimated number of creditors** **(consolidated basis)** |
|---|---|

| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☒ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

| 15. | **Estimated assets** **(consolidated basis)** |
|---|---|

| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☒ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

01:23488517.1

Debtor  RM Opco LLC
Name

Case number(*if known*)_____

| 16. | Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | (consolidated basis) | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

**Request for Relief, Declaration, and Signatures**

**WARNING --**  Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   8/5/18
MM / DD / YYYY

✗ /s/ _____
Signature of authorized representative of debtor

Jonathan Tibus
Printed name

Title  Chief Restructuring Officer

18. **Signature of attorney**

✗ /s/ _____
Signature of attorney for debtor

Date  8/5/18
MM / DD / YYYY

Robert S. Brady, Esq.
Printed name

Young Conaway Stargatt & Taylor, LLP
Firm name

1000 North King Street
Number     Street

Wilmington
City

DE
State

19801
ZIP Code

(302) 571-6600
Contact phone

rbrady@ycst.com
Email address

2847
Bar number

Delaware
State

**ATTACHMENT 1**

On October 4, 2011, Real Mex Restaurants, Inc. (Case No. 11-13122 (BLS)), RM Restaurant Holding Corp. (Case No. 11-13123 (BLS)), Acapulco Mark Corp. (Case No. 11-13124 (BLS)), Acapulco Restaurant of Downey, Inc. (Case No. 11-13125 (BLS)), Acapulco Restaurant of Moreno Valley, Inc. (Case No. 11-13126 (BLS)), Acapulco Restaurant of Ventura, Inc. (Case No. 11-13127 (BLS)), Acapulco Restaurant of Westwood, Inc. (Case No. 11-13129 (BLS)), Acapulco Restaurants, Inc. (Case No. 11-13130 (BLS)), ALA Design, Inc. (Case No. 11-13132 (BLS)), Chevys Restaurants, LLC (Case No. 11-13128 (BLS)), CKR Acquisition Corp. (Case No. 11-13131 (BLS)), El Paso Cantina, Inc. (Case No. 11-13133 (BLS)), El Torito Franchising Company (Case No. 11-13134 (BLS)), El Torito Restaurants, Inc. (Case No. 11-13135 (BLS)), Murray Pacific (Case No. 11-13136 (BLS)), Real Mex Foods, Inc. (Case No. 11-13137 (BLS)), and TARV, Inc. (Case No. 11-13138 (BLS)) commenced voluntary cases under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§101– 1532, in the United States Bankruptcy Court for the District of Delaware.  The cases were procedurally consolidated and jointly administered under Case No. 11-13122 (BLS).  The Debtors' assets were acquired in a sale in these previous bankruptcy cases.

**ATTACHMENT 2**

**PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY AFFILIATES**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  A motion has been filed with the Court requesting that the chapter 11 cases of these entities be jointly administered.

| Entity Name | Federal Employer Identification Number (EIN) |
| --- | --- |
| RM Holdco LLC | 80-0786847 |
| RM Opco LLC | 80-0787122 |
| RM HQ LLC | 61-1678615 |
| RM Chevys LLC | N/A |
| RM Acapulco LLC | N/A |
| RM El Torito LLC | N/A |

RM HOLDCO LLC,
RM OPCO LLC,
RM HQ LLC,
RM CHEVYS LLC,
RM ACAPULCO LLC,
AND
RM EL TORITO LLC
SECRETARY'S CERTIFICATE

The undersigned, Secretary of each of RM Holdco LLC (the "**Parent**"), RM Opco LLC ("**RM Opco**"), RM HQ LLC ("**RM HQ**"), RM Chevys LLC ("**RM Chevys**"), RM Acapulco LLC ("**RM Acapulco**") and RM El Torito LLC ("**RM El Torito**", and together with RM HQ, RM Chevys, RM Acapulco and RM El Torito, the "**Subsidiary Guarantors**"; the Subsidiary Guarantors, together with Parent, the "**Guarantors**"), each a Delaware limited liability company (collectively, the "**Company**", and each, a "**Company Entity**"), hereby certifies as follows:

1.   I am the duly qualified and elected Secretary of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify same on behalf of the Company.

2.   Attached hereto is a true and complete copy of the resolutions of the members of the board of managers or the managing member, as applicable (the "**Board**"), by votes of the managers or the managing members, in accordance with the limited liability agreements of the Company.

3.   Such resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of the Board relating to the matters set forth in the resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 4th day of Aug. 2018.

By:   _____

Name:   Bryan Lockwood
Title:   Chief Executive Officer and Secretary

WHEREAS, the Parent is the managing member of RM Opco, which in turn is the sole member and manager of each Subsidiary Guarantor;

WHEREAS, the board of managers or the managing member, as applicable (the "Approving Party"), has considered presentations by (x) the Parent management ("Management") (1) on behalf of the Parent and in Parent's capacity as the managing member of RM Opco, (2) on behalf of RM Opco and in RM Opco's capacity as the sole member and manager of the Subsidiary Guarantors and (3) on behalf of each Subsidiary Guarantor and (y) the legal and financial advisors to, the Company (collectively, the "Advisors") regarding the liabilities, liquidity situation and prospects of the Company, the strategic alternatives available to the Company, and the potential effects of the foregoing on the Company's business (collectively, the "Strategic Alternatives");

WHEREAS, the Approving Party and the Advisors on behalf of the Company have conducted a fulsome marketing and sale process, contacting, meeting with and soliciting offers from numerous bidders, in order to receive the highest or otherwise best offer for the sale of the assets of the Company contemplated by the Stalking Horse Agreement (as defined below);

WHEREAS, the Members of the Parent affiliated with Z Capital Group (the "Z Capital Members") desire to, and have designated Lawrence R. Perkins ("Perkins") as an independent director pursuant to Sections 2.03(d) and 2.03(g) of Parent's limited liability agreement, solely as to such decisions of the Approving Party from which the other managers designated by the Z Capital Members would otherwise recuse themselves, and desire the Company to compensate Perkins for such service in accordance with the designation letter provided to the Company by the Z Capital Members (the "Z Capital Designation Letter");

WHEREAS, the Members of the Parent Affiliated with Tennenbaum Capital Partners (the "TCP Members") desire to amend the compensation provided by the Company to Patrick Droesch ("Droesch") to be equal to that provided to Perkins, through an amended and restated designation letter provided to the Company by the TCP Members (the "TCP Designation Letter");

WHEREAS, the Approving Party has discussed the Strategic Alternatives with the Management and the Advisors and fully considered each of those alternatives available to the Company, and has determined that it is desirable and in the best interests of the Company, its creditors, and other interested parties that the Company enter into the Stalking Horse Agreement, subject to final documentation thereof and of the DIP Facility (as defined below), and that, subject to final documentation of the Stalking Horse Agreement (as defined below) and of the DIP Facility, a petition be filed by the Parent and by each of its direct and indirect wholly-owned subsidiaries, as applicable, listed on Schedule A hereto (the "Subsidiaries") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the

United States Bankruptcy Court for the District of Delaware (the "**Chapter 11 Cases**"), and that the Company pursue a sale of all or substantially all of the Company's assets in accordance with the Stalking Horse Agreement, subject to higher or otherwise better bids, pursuant to section 363 of the Bankruptcy Code (the "**Sale Transaction**");

**WHEREAS**, the Parent desires, on behalf of itself and on behalf of RM Opco as borrower, and RM Opco on behalf of itself and in RM Opco's capacity as the sole member and manager of the Subsidiary Guarantors and on behalf of each Subsidiary Guarantor, to negotiate, execute, deliver and perform under a DIP Financing Agreement (as amended, restated, supplemented or otherwise modified from time to time, the "**DIP Financing Agreement**"), by and among each Company Entity, the Lenders party thereto (as defined therein consisting of affiliates of Z Capital Group and TCP) and Wells Fargo Bank, N.A. (or any other financial institution), as administrative agent and/or collateral agent for such Lenders (the "**Agent**");

WHEREAS, the Approving Member wishes to amend the limited liability agreement of the Parent, effective immediately prior to the commencement of the Chapter 11 Cases in accordance with Exhibit 1 hereto;

WHEREAS, in connection with filing the Chapter 11 Cases and entering into the Stalking Horse Agreement, the Company anticipates entering into certain ancillary agreements (the "**Ancillary Agreements**") necessary to successfully complete the Sale, including the following documents:

1. The DIP Financing Agreement among the Company, the Lenders and the Agent, the current material terms of which have been presented to and heretofore reviewed by the Board;

2. The Pledge and Security Agreement among the Company, the lenders thereto (consisting of affiliates of Z Capital Group and Tennenbaum Capital Partners), and Wells Fargo Bank, N.A., as agent (as amended, restated, amended and restated, modified or supplemented, the "**DIP Security Agreement**" and, together with the DIP Financing Agreement, and any other DIP Facility Documents, as defined below, the "**DIP Facility**"), the current material terms of which have been presented to and heretofore reviewed by the Board; and

3. Any and all other certificates, instruments, documents or agreements and acknowledgments deemed necessary or desirable by any of the Authorized Persons (as defined below) or contemplated by or required in connection with the consummation of the transactions contemplated by the DIP Facility (such other certificates, instruments, documents or agreements and acknowledgments, together the "**DIP Facility Documents**");

WHEREAS, in the judgment of the Approving Party, it is desirable and in the best interests of the Company (in each case, on behalf of each Company

Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), its creditors, and other interested parties to, in connection with the prosecution of the Chapter 11 Cases, engage the law firm of Sidley Austin LLP ("**Sidley**"), as bankruptcy co-counsel for the Company, and the law firm of Young Conaway Stargatt & Taylor, LLP ("**Young Conaway**"), as bankruptcy co-counsel for the Company;

WHEREAS, in the judgment of the Approving Party, it is desirable and in the best interests of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), its creditors, and other interested parties to, in connection with the prosecution of the Chapter 11 Cases, engage the financial advisory firm of Alvarez & Marsal North America, LLC ("**A&M**"), to provide the Company with restructuring and interim management services;

WHEREAS, in the judgment of the Approving Party, it is desirable and in the best interests of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), its creditors, and other interested parties to, in connection with the prosecution of the Chapter 11 Cases, engage the investment banking firm of Piper Jaffrey & Co. ("**Piper**"), as investment banker for the Company in the Chapter 11 Cases; and

WHEREAS, in the judgment of the Approving Party, it is desirable and in the best interests of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), its creditors, and other interested parties to, in connection with the prosecution of the Chapter 11 Cases, engage the firm of Kurtzman Carson Consultants LLC ("**KCC**"), as claims agent and administrative advisor for the Company in the Chapter 11 Cases.

NOW THEREFORE, be it hereby:

RESOLVED, that it is advisable and in the best interests of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable) for the Authorized Persons of each Company Entity, as advised by the Advisors, to negotiate to final documentation the Stalking Horse Agreement, the Ancillary Agreements and the DIP Facility Documents; and be it further

RESOLVED, that Perkins shall be compensated by the Company in accordance with the Z Capital Designation Letter and shall serve as a Member of the Approving Party in accordance with such letter;

RESOLVED, that Droesch shall be compensated by the Company in accordance with the TCP Designation Letter and shall continue to serve as a Member of the Approving Party in accordance with such letter;

RESOLVED, that the Approving Party has determined that it is advisable and in the best interests of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), subject to final documentation of the Stalking Horse Agreement and the DIP Facility Documents, to enter into each of the Stalking Horse Agreement and Ancillary Agreements and to consummate the transactions contemplated by each of the foregoing; and be it further

RESOLVED, that the Approving Party has determined that it is advisable and in the best interests of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), to enter into each of the DIP Facility Documents and to consummate the transactions contemplated by each of the foregoing in such form as may be approved by any Authorized Person, and that the execution and delivery thereof by such Authorized Person shall be conclusive evidence of the approval thereof by such Authorized Person and by the Approving Party; and be it further

RESOLVED, that, upon final documentation thereof, each of the Stalking Horse Agreement and the DIP Facility Documents, the current material terms of which have been presented to the Board, and the transactions contemplated thereby, be, and they hereby are, authorized, approved, and adopted and the execution, delivery and performance thereunder by each Company Entity is here by approved and authorized in all respects; and be it further

RESOLVED, that subject to final documentation of the Stalking Horse Agreement and the DIP Facility Documents, the Parent and each of the Subsidiaries shall be, and hereby is, authorized and directed to: (a) each file a voluntary petition (collectively, the "**Petition**") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that effective immediately prior to filing of the Petition in the Bankruptcy Court, the LLC Agreement shall be amended in accordance with Exhibit 1 hereto; and it be further

RESOLVED, that Jonathan Tibus of A&M be, and hereby is, appointed as officer of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable) with the title of Chief Restructuring Officer (the "**CRO**"), and the CRO and any other individual duly appointed by the Approving Party as the President, Chief Executive Officer, Chief Financial Officer, Secretary, Treasurer, or Chief Restructuring Officer (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable) to: (a) enter into, in the name of and on behalf of each Company Entity, the Stalking Horse Agreement and the DIP Facility Documents, upon final documentation and approval thereof by an Authorized Person, such approval to be conclusively evidenced by an Authorized Person's execution and delivery thereof, and to take any and all actions necessary or advisable to advance each Company Entity's rights and obligations therein; (b) take or cause to be taken any and all such actions and to negotiate, enter into, execute and deliver from time to time any and all such acknowledgments, agreements, amendments, certificates, contracts, instruments, notices, statements and other documents, or to effect any filings with any and all appropriate regulatory authorities, state, federal and foreign, as may be required or as any of such officers may deem necessary, appropriate or advisable to carry out the transactions contemplated by, and the purposes and intent of, the foregoing resolutions; (c) verify and execute the Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, the Petition and make or cause to be made, prior to execution thereof, any modifications to the Petition or ancillary documents as any such Authorized Person, in such officer's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (d) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and (e) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve; and it be further

RESOLVED, that Sidley be, and hereby is, retained and employed as co-counsel for each  Company Entity in connection with the prosecution of the Chapter 11 Cases; and be it further

RESOLVED, that Young Conaway be, and hereby is, retained and employed as co-counsel for each Company Entity in connection with the prosecution of the Chapter 11 Cases; and be it further

RESOLVED, that A&M be, and hereby is, retained and employed to provide each Company Entity with restructuring and interim management

services; and be it further

RESOLVED, that, Piper be, and hereby is, retained and employed as investment banker for each Company Entity; and be it further

RESOLVED, that, KCC be, and hereby is, retained and employed as claims agent and administrative advisor for each Company Entity; and be it further

RESOLVED, that each of the Authorized Persons be, and each of them hereby is, authorized to employ and retain such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such Authorized Person's judgment may be necessary or desirable in connection with the Company's Chapter 11 Cases and other related matters, on such terms as such officer or officers shall approve; and it be further

RESOLVED, that each of the Authorized Persons shall be, and hereby is, authorized to (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable): (a) borrow funds from, provide guaranties to and undertake related steps with regard to the DIP Facility Documents and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of each Company Entity's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with the DIP Facility Documents; and it be further

RESOLVED, that the Company shall be, and hereby is, and the Authorized Persons shall be, and each of them, acting alone, hereby is, in the name and on behalf of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), authorized, directed and empowered to file a motion with the Bankruptcy Court seeking approval of (i) bidding procedures to be used to facilitate a Sale Transaction, (ii) the designation of an affiliate of Z Capital Group as stalking horse purchaser (the "**Stalking Horse Bidder**") for the Sale Transaction pursuant to the Stalking Horse Agreement, (iii) the payment of certain break-up fees to the Stalking Horse Bidder (subject to the terms and conditions of the Stalking Horse Agreement and approval of the Bankruptcy Court), and (iv) the Sale Transaction, all substantially in accordance with the summary presented to the Approving Party, subject to such modifications thereto as the Authorized Persons and the Company's management may deem necessary or advisable (the approval of which to be conclusively established by the execution thereof by an Authorized Person); and it be further

RESOLVED, that the Authorized Persons shall be, and each of them alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries,

as applicable), to conduct a further marketing process to identify potential alternative Sale Transactions under the supervision of the Bankruptcy Court; and it be further

RESOLVED, that the Authorized Persons shall be, and each of them alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), to (a) take actions and negotiate, or cause to be prepared and negotiated, and, subject to Bankruptcy Court approval as required, to execute, deliver, perform and cause the performance of any other agreements (including asset purchase agreements), certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of, and necessary to effectuate, any Sale Transactions and DIP Facility Documents to which any Company is or will be a party and (b) request the Bankruptcy Court to approve any Sale Transaction (including the Sale Transaction contemplated by the Stalking Horse Agreement), the DIP Facility Documents and for any related relief; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons of the Company (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their respective subsidiaries, as applicable), each of the Authorized Persons of each  Company or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of each Company Entity, as applicable, to take or cause to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments and other documents, including, without limitation, (a) limited liability company agreements of certain subsidiaries  or amendments and/or restatements thereof, in the Company's capacity as sole member of such subsidiaries, (b) the authority to perform such further acts and deeds for and on behalf of the Company, as may be necessary, appropriate or advisable, in the judgment of such officers, to carry out the transactions contemplated thereby and (c) further resolutions authorizing or otherwise facilitating the matters described in these resolutions for any subsidiaries, in the Company's capacity as sole member of such subsidiaries, and to pay all expenses, including taxes, consent payments, indemnities, and filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, with all of such actions, executions, deliveries, filings and payments to be conclusive evidence of such approval or that such Authorized Person deemed the same to be so necessary, appropriate or advisable; and it be further

RESOLVED, that the Authorized Persons be, and they hereby are, authorized to bind each Company Entity (in each case, on behalf of each Company Entity and in their respective capacities as managing members of their

respective subsidiaries, as applicable) for the purposes of the resolutions herein; and be it further

RESOLVED, that the Approving Party has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions or hereby waives any right to have received such notice; and be it further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Company and any subsidiaries by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

## **Schedule A**

### **Subsidiaries**

RM Opco LLC, a Delaware limited liability company
RM HQ LLC, a Delaware limited liability company
RM Chevys LLC, a Delaware limited liability company
RM Acapulco LLC, a Delaware limited liability company
RM El Torito LLC, a Delaware limited liability company

**EXHIBIT 1**
**(AMENDMENT TO LLC AGREEMENT)**

*[EXECUTION VERSION]*

## AMENDMENT NO. 1

## TO

## AMENDED AND RESTATED LIMITED LIABILITY COMPANY AGREEMENT

## OF

## RM HOLDCO LLC

This Amendment No. 1 to Amended and Restated Limited Liability Company Agreement (this "Amendment") of RM HOLDCO LLC (the "Company") is entered into by and among the Company and the undersigned members (each a "Member" and collectively, the "Members"), effective as of August 5, 2018. Capitalized terms used but not defined herein shall have the meanings assigned to such terms in the LLC Agreement (as defined below).

WHEREAS, the Company was formed under the name RM Holdco LLC as a Delaware limited liability company by the filing of its Certificate of Formation with the Secretary of State of the State of Delaware on January 6, 2012, which remains in full force and effect;

WHEREAS, the Company and its Members entered into that certain Amended and Restated Limited Liability Company Agreement, dated as of March 21, 2012 (the "LLC Agreement");

WHEREAS, the LLC Agreement may be amended by Members holding at least sixty six and two-thirds percent (66-2/3%) of the Unit Percentage Interest (the "Requisite Members"); and

WHEREAS, the Requisite Members wish to amend the LLC Agreement as herein set forth.

NOW, THEREFORE, in consideration of the premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto hereby agree as follows:

1. Amendments.

   a. Section 1.01 of the LLC Agreement is hereby amended to add the following definition thereto, in the appropriate alphabetical order:

   "Independent Manager" shall mean any Person properly designated by a Member in accordance with Section 2.03 herein that is not an employee, Affiliate or Person otherwise currently or previously affiliated with such Member and to which a majority in interest of Members not designating such Independent Manager have consented to the appointment

thereof or not objected within 3 business days of receiving notice of such designation.  In the event that a Person designated as an Independent Manager becomes an employee, Affiliate or Person otherwise affiliated with a Member, then such person shall immediately cease to be an Independent Manager.

b.  A new Section 2.3(g) is hereby added to the LLC Agreement as follows:

"(g)    Independent Manager Designation.  Each Member shall have the right at any time to designate any Manager it is otherwise entitled to designate pursuant to this Section 2.03 as an Independent Manager if such proposed Manager qualifies as an Independent Manager as defined in this Agreement."

c.  Section 2.13(a) of the LLC Agreement is hereby amended and restated in its entirety to read as follows:

"(a)    Notwithstanding anything else in this Agreement to the contrary, neither the Company nor any Company-Managed Subsidiary shall enter into, propose to enter into or contemplate entering into, any transaction, contract, arrangement, amendment to, or waiver or consent under, any existing transaction, contract or arrangement with any Member (other than an Employee Member), Principal Investor or any of their respective Affiliates (each, an "Interested Party") (an "Affiliated Transaction"), unless, subject to Section 2.13(b), such Affiliated Transaction has been approved by Managers designated by Members holding a majority of the Voting Unit Percentage Interests held by all Members other than the Principal Investor that is, or whose Affiliate is, proposing to enter into such Affiliated Transaction, provided, however, that for purposes of this Section 2.13(a), any Manager designated as an Independent Manager by the Member that is, or whose Affiliate is, proposing to enter into such Affiliated Transaction shall be entitled to vote on such Affiliated Transaction."

2.  Counterparts.  This Amendment may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed and delivered shall be deemed to be an original and all of which taken together shall constitute but one and the same instrument.

3.  Condition Precedent.  This Amendment shall become effective and be deemed effective as of the date first above written upon the Managing Member's receipt of counterparts of this Amendment duly executed by the parties hereto.

4.  Entire Agreement.  This Amendment and the LLC Agreement constitute the entire agreement of the Members with respect to the subject matter hereof.

5.  <u>Reference to and Effect on the LLC Agreement</u>.    Upon the effectiveness of this Amendment, each reference in the LLC Agreement to "this Agreement," "hereunder," "hereof," "herein," "hereby" or words of like import shall mean and be a reference to the LLC Agreement as amended hereby, and each reference to the LLC Agreement in any other document, instrument or agreement executed and/or delivered in connection with the LLC Agreement shall mean and be a reference to the LLC Agreement as amended hereby.

6.  <u>Governing Law</u>.    This Amendment shall be governed by, and construed under, the laws of the State of Delaware (without regard to conflict of laws principles), all rights and remedies being governed by said laws.

*[Signature Pages Follow]*

3

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Amendment as of the date first written above.

**COMPANY:**

**RM HOLDCO LLC**

By: _____
Name: Bryan Lockwood
Title: CEO & Secretary

*Signature page to Amendment No. 1 to the Amended and Restated Limited Liability Company Agreement of RM HOLDCO LLC*

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Amendment as of the date first written above.

**REQUISITE MEMBERS:**

**SPECIAL VALUE CONTINUATION PARTNERS, LP**

By:
TENNENBAUM CAPITAL PARTNERS, LLC
Its Investment Manager

By: _____
Name: Howard Levkowitz
Title:  Managing Director

**TENNENBAUM OPPORTUNITIES PARTNERS V, LP**

By:
TENNENBAUM CAPITAL PARTNERS, LLC
Its Investment Manager

By: _____
Name:  Howard Levkowitz
Title:  Managing Director

*Signature page to Amendment No. 1 to the Amended and Restated Limited Liability Company Agreement of RM HOLDCO LLC*

IN WITNESS WHEREOF, the undersigned, intending to be legally bound hereby, have duly executed this Amendment as of the date first written above.

**REQUISITE MEMBERS:**

**MCMZ L.L.C.**

By: _____
Name:  James J. Zenni, Jr.
Title:   Authorized Person


**Z CAPITAL PARTNERS II, L.P.**

By: _____
Name:  James J. Zenni, Jr.
Title:   Authorized Person

**Z CAPITAL PARTNERS II-A, L.P.**

By: _____
Name:  James J. Zenni, Jr.
Title:   Authorized Person


**Z CAPITAL PARTNERS II-B, L.P.**

By: _____
Name:  James J. Zenni, Jr.
Title:   Authorized Person

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name <u>RM Holdco LLC, et al.</u>

United States Bankruptcy Court for the: _____ District of <u>Delaware</u>
(State)

Case number (If known): _____

☐ Check if this is an amended filing

The following list of creditors ("<u>List of Creditors</u>") has been prepared from the unaudited books and records of RM Holdco LLC (the "<u>Debtor</u>").  The List of Creditors reflects estimated amounts owed by the Debtor as of the Petition Date.  It was produced from the books and records of the Debtor as of the close of business on July 31, 2018.  The List of Creditors does not include any person or entity who is now, or formerly was, an "insider" of the Debtor as that term is defined in 11 U.S.C. § 101(31).  The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtor.  Moreover, nothing herein shall affect the Debtor's right to challenge the amount or characterization of any claim at a later date.  The Debtor's failure to list a claim as contingent, unliquidated or disputed does not constitute a waiver of the Debtor's right to contest the validity, priority and/or amount of any such claim.

## Official Form 204

# Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 30 Largest Unsecured Claims on a Consolidated Basis and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1  Wells Fargo Bank, N.A. | c/o Thompson Hine LLP<br>Attn: Yesenia D. Batista and Curtis L. Tuggle<br>335 Madison Avenue, 12th Floor<br>New York, NY 10017<br>Tel: 212-908-3912<br>Fax: 212-344-6101<br>Email: Curtis.Tuggle@ThompsonHine.com;<br>Yesenia.Batista@ThompsonHine.com | Subordinated Convertible Debt | | | | $53,258,641.21 |
| 2  Sysco Food Services | Attn: Legal Department<br>1390 Enclave Parkway<br>Houston, TX 77077-2099<br>Tel: 281-584-1390<br>Fax: 281-584-1737 | Trade Debt | | | | $458,928.30 |
| 3  DTA Leasehold Owner LLC | Attn: Director or Officer<br>c/o Tishman Real Estate Services LP<br>100 Park Avenue, 18th Fl<br>New York, NY 10017<br>Tel: 212-708-6854<br>Fax: 212-957-9791<br>Email: alcala@tishman.com | Rent | | | | $456,418.00 |
| 4  Global Media Systems, Inc. | Attn: Director or Officer<br>30252 Tomas, Ste. 200<br>Rancho Santa Margarita, CA 92688<br>Tel: 949-635-1940<br>Fax: 949-635-1952<br>Email: info@globalmediagroup.com | Trade Debt | | | | $344,269.32 |
| 5  Natures Produce Co | Attn: Director or Officer<br>3305 Bandini Blvd<br>Vernon, CA 90058<br>Tel: 323-235-4343<br>Fax: 323-235-8388<br>Email: mike@naturesproduce.com | Trade Debt | | | | $300,815.99 |

| Debtor | RM Holdco LLC, et al. | | Case number (*if known*) _____ |
|---|---|---|---|
| | Name | | |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6   Douglas Emmet 2016, LLC | c/o Hinshaw & Culbertson LLP Charles G. Brackins and Desmond J. Hines 11601 Wilshire Blvd., Suite 800 Los Angeles, CA 90025 Tel: 310-909-8000 Fax: 310-909-8001 Email: cbrackins@hinshawlaw.com; dhinds@hinshawlaw.com | Litigation | Contingent, Unliquidated, Disputed | | | $287,091.01 |
| 7   The Wasserstrom Company | Attn: Director or Officer 4500 E. Broad St. Columbus, OH 43213 Tel: 866-634-8927 Fax: 614-737-8911 Email: jeffevans@wasserstrom.com | Trade Debt | | | | $271,871.34 |
| 8   Sysco Food Services of Sacramento | Attn: Director or Officer 7062 Pacific Ave Pleasant Grove, CA 95668 Tel: 916-569-7000 Fax: 561-882-2179 Email: info@corp.sysco.com | Trade Debt | | | | $249,294.93 |
| 9   Daylight Foods Inc | Attn: Director or Officer 660 Vista Way Milpitas, CA 95035 Tel: 408-284-7300 Fax: 408-284-7307 Email: dfinfo@daylightfoods.com | Trade Debt | | | | $167,318.94 |
| 10   Wilson Elser Moskowitz | c/o Edelman & Dicker LLP 150 E 42nd St New York, NY 10017 Tel: 212-490-3000 Fax: 212-490-3038 Email: larry.lum@wilsonelser.com | Trade Debt | | | | $160,804.64 |
| 11   West Coast Prime Meats LLC | Attn: Director or Officer 344 Cliffwood Park St Brea, CA 92821 Tel: 714-255-8560 Fax: 714-256-6229 Email: info@westcoastprimemeats.com | Trade Debt | | | | $114,682.84 |
| 12   Superior Seafood Co | Attn: Director or Officer 1621 W 25th St, Ste 228 San Pedro, CA 90732 Tel: 310-547-3366 | Trade Debt | | | | $88,785.14 |
| 13   Silver Gatehouse LLC | Silver Company Property Mgmt Accountant 1001 E Telecom Dr Boca Raton, FL 33431 Tel: 540-785-3395 Fax: 561-981-5253 Email: pcosta@silverco.com | Rent | | | | $59,505.26 |
| 14   Woodfield Rest Court LLC | Attn: Bob Trombetta 2756 Shannon Rd Northbrook, IL 60062 Tel: 630-573-7010 Fax: 847-330-0251 Email: george.good@cbre.com | Rent | | | | $57,597.36 |
| 15   Kryshia Inc | c/o Express Graphics 4542 Rhapsody Huntington Beach, CA 92649 | Trade Debt | | | | $56,854.89 |
| 16   GGP Northridge Fashion Center, LP | Attn: Law/Lease Administration Department Northridge Fashion Center 350 N. Orleans St, Ste 300 Chicago, IL 60654-1607 Tel: 312-960-2825 Fax: 312-960-5463 Email: akash.dave@generalgrowth.com | Rent | | | | $55,914.34 |

Debtor    RM Holdco LLC, et al.                                    Case number *(if known)* _____
          Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 17   CAPREF Burbank LLC | Attn: Mark Miller c/o Cypress Equities 8343 Douglas Ave, Ste 200 Dallas, TX 75225 Tel: 818-566-8556 Fax: 214-283-1610 Email: amy.brown@cypressequities.com | Rent | | | | $52,691.70 |
| 18   US Foods, Inc | Attn: Director or Officer 3682 Collections Center Dr Chicago, IL 60693 Tel: 847-720-8000 Fax: 847-720-8099 Email: Judith.Maio@usfoods.com | Trade Debt | | | | $51,844.94 |
| 19   MGP X Properties, LLC | Attn: Director or Officer 425 California St,10th Floor San Francisco, CA 94104 Tel: 916-853-1540 x202 Fax: 415-693-0480 Email: ssharifi@merlonegeier.com | Rent | | | | $50,365.36 |
| 20   GWIS LLC | Attn: Joel M Tanner 14988 Sand Canyon Ave, Studio 4 Irvine, CA 92618 Tel: 877-728-8901 Fax: 877-728-8902 Email: info@gigasavvy.com | Trade Debt | | | | $50,000.00 |
| 21   CREA/PPC Long Beach Towne Center PO, LLC | c/o Vestar Property Management 2425 E. Camelback Rd., Ste 750 Phoenix, AZ 85016 Tel: 602-866-0900 Fax: 602-955-2298 Email: nfulton@vestar.com mbennett@vestar.com | Rent | | | | $47,782.78 |
| 22   NUCO2, Inc | Attn: Director or Officer 2800 SE Market Place Stuart, FL 34997 Tel: 800-472-2855 Fax: 772-221-1754; 772-781-3500 Email: abaggett@nuco2.com | Trade Debt | | | | $39,975.01 |
| 23   Broadcast Music, Inc | Attn: Director or Officer 7  World Trade Center 250 Greenwich St New York, NY 10007-0030 Tel: 212-220-3000 Fax: 212-246-2163 Email: newyork@bmi.com | Trade Debt | | | | $37,414.99 |
| 24   The College Block, a Partnership | c/o Charles Dunn RES, Inc. 12925 Riverside Dr, Ste 201 Sherman Oaks, CA 91423 Tel: 818-760-0172 Fax: 818-582-4619 Email: hharris@charlesdunn.com | Rent | | | | $36,666.00 |
| 25   Staples Business Advantage | Attn: Director or Officer 125 Mushroom Blvd Rochester, NY 14623 Tel: 585-424-3600 Fax: 585-424-3609 Email: support@staplesadvantage.com | Trade Debt | | | | $29,561.60 |
| 26   The Plaza at Erringer & Cochran, LLC | c/o The Becker Group 40 South Ash St Ventura, CA 93001 Tel: 805-653-6794 x201 Fax: 805-653-6795 Email: jbecker@beckergrp.com | Rent | | | | $27,680.84 |
| 27   Plainfield Fruit and Produce Co, Inc | Attn: Director or Officer 82 Executive Ave Edison, NJ 08817 Tel: 732-248-1234 Fax: 732-248-1455 | Trade Debt | | | | $27,220.48 |

Debtor      RM Holdco LLC, et al.                                    Case number (if known) _____
            Name

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount.  If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 28  Wright Ford Young & Co CPA | Attn: Director or Officer 16140 San Canyon Ave Irvine, CA 92618 Tel: 949-910-2727 Fax: 949-910-2728 | Trade Debt | | | | $26,000.00 |
| 29  Daloof Limited Inc | Attn: Director or Officer 19420 Indian Summer Rd Bend, OR 97702 Tel: 702-612-8147 Email: nils@daloof.com | Trade Debt | | | | $25,675.00 |
| 30  Facebook Inc | Attn: Director or Officer 1601 Willow Road Menlo Park, CA 94025 Tel: 650-543-4800 Fax: 650-543-4801 Email: legal@facebook.com | Trade Debt | | | | $25,360.16 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RM Opco LLC | Case No. 18-_____  (_____) |
| Debtor. | (Joint Administration Requested) |

## <u>CONSOLIDATED CORPORATE OWNERSHIP STATEMENT</u>

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, RM Opco LLC, a Delaware Limited Liability Company, and its affiliated debtors and debtors in possession (each, a "<u>Debtor</u>"), hereby state as follows:

1.      Debtor RM Holdco LLC owns 90% of Debtor RM Opco LLC.

2.      Non-Debtor RM Incentive Plan Co LLC owns 10% of Debtor RM Opco LLC.

3.      Debtor RM Opco LLC owns 100% of each of the following Debtors:  (i) RM Acapulco LLC, (ii) RM Chevys LLC, (iii) RM El Torito LLC, and (iv) Debtor RM HQ LLC.

4.      The following entities each own 10% or more of Debtor RM Holdco LLC's membership interests:  (i) MCMZ L.L.C. (30.30%), (ii) Special Value Continuation Partners, LP (10.15%), and (iii) Tennenbaum Opportunities Partners V, LP (32.80%).

01:23488517.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| RM Opco LLC | Case No. 18-_____ (_____) |
| Debtor. | (Joint Administration Requested) |

**LIST OF EQUITY SECURITY HOLDERS**

Pursuant to Bankruptcy Rule 1007(a)(3), the following is a list of entities holding an interest in the above-captioned debtor.

| Name and Last Known Address or Place of Business of Holder | Nature of Interest Held | Ownership Percentage Held |
|---|---|---|
| RM Holdco LLC<br>5660 Katella Avenue, Suite 200<br>Cypress, California 90630 | Membership Interests | 90% |
| RM Incentive Plan Co LLC<br>5660 Katella Avenue, Suite 200<br>Cypress, California 90630 | Membership Interests | 10% |

---

**Fill in this information to identify the case and this filing:**

Debtor Name  RM Opco LLC
_____

United States Bankruptcy Court for the: _____ District of _ Delaware _
                                                                    (State)

Case number (*If known*): _____

---

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors                    12/15

      An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

      **WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B*: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ *Schedule D*: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ *Schedule E/F*: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ *Schedule G*: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ *Schedule H*: Codebtors (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ *Amended Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☒ *Other document that requires a declaration*   Corporate Ownership Statement; List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  8/5/18                    x _____
        MM / DD / YYYY              Signature of individual signing on behalf of debtor

                            Jonathan Tibus
                            Printed name

                            Chief Restructuring Officer
                            Position or relationship to debtor